[No. S004862. July 27, 1989.]

In re RUDY HARRIS on Habeas Corpus.

COUNSEL

Alan M. Caplan and Bushnell, Caplan & Fielding for Petitioner.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, J. Robert Jibson and Edmund D. McMurray, Deputy Attorneys General, for Respondent.

OPINION

**MOSK, J.**—Penal Code section 667 provides in relevant part that "any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately."[1]

In this case we are called on to determine whether the phrase "on charges *brought and tried separately*" requires that the charges underlying the prior "serious felony" convictions must have been made in proceedings that were formally distinct. As will appear, we conclude that it does.

In 1985 petitioner was charged with two counts of robbery and was alleged, inter alia, to have suffered two prior convictions for a "serious felony" within the meaning of section 667, viz, robbery (§§ 667, subd. (d), 1192.7, subd. (c)(19)). At trial, a jury found him guilty of robbery and attempted robbery. He then waived further trial and admitted each of the two prior robbery convictions. The court determined that the prior convictions were had "on charges brought and tried separately" because the record of those convictions apparently showed that each arose out of an action with a distinct information and guilty plea. Consequently, in addition to the sentence imposed for robbery and attempted robbery, the court imposed a separate five-year enhancement for each prior robbery conviction.

On appeal petitioner contended, inter alia, that the trial court erred by determining that his prior robbery convictions were had "on charges brought and tried separately" within the meaning of section 667, and by imposing two separate enhancements under that provision. The Court of Appeal rejected this claim and affirmed the judgment. (*People* v. *Harris* (1987) 192 Cal.App.3d 1197 [238 Cal.Rptr. 31].)

---

[1] All statutory references herein are to the Penal Code.

Petitioner sought review in this court on an issue he had not presented to the Court of Appeal—viz, whether the prosecution must prove beyond a reasonable doubt that prior "serious felony" convictions were had "on charges brought and tried separately." We denied review.

Petitioner subsequently filed a petition for writ of habeas corpus in this court. He attacks only his sentence, renewing the claim he made on appeal that the trial court erred in its adjudication and sentencing under section 667. ■ ■ ■ ■ We issued an order to show cause.[2] In his return, respondent denies petitioner's claim. In a supplemental filing, however, he states that on further investigation he has discovered the following fact and has attached certified records in support: petitioner's two prior robbery convictions arose from a single proceeding which was initiated through the filing of a single complaint in municipal court and was followed by a single preliminary hearing in the same court; the original proceeding was thereafter prosecuted in superior court under two separate informations. Respondent concedes that if an action is "brought" with the filing of the complaint, then the two prior robbery convictions here were not "brought" separately. He asserts, however, that an action should be deemed "brought" with the subsequent filing of the information in superior court.

■ Petitioner contends that under section 667 he was subject to only one 5-year sentence enhancement, not two. His major premise is in substance that the statutory phrase "on charges *brought and tried separately*" requires that the charges underlying the prior "serious felony" convictions must have been made in proceedings that were formally distinct. His minor premise is that the charges underlying his two prior robbery convictions were not made in formally distinct proceedings.

The meaning of the statutory phrase is not self-evident. Section 667 was added by section 5, "Habitual Criminals," of the initiative measure denominated Proposition 8 at the June 1982 Primary Election and amended in part not relevant here by chapter 85, section 1.5 of the Statutes of 1986.[3] The

---

[2] Petitioner may properly attack the sentence enhancements on habeas corpus despite the fact the underlying claim was raised and rejected on appeal. Habeas corpus will lie when the trial court "exceeded its jurisdiction by sentencing a defendant 'to a term in excess of the maximum provided by law' [citation], or to correct a misinterpretation of [a] statute resulting in confinement 'in excess of the time allowed by law' [citation] . . . ." (*In re Huffman* (1986) 42 Cal.3d 552, 555 [229 Cal.Rptr. 789, 724 P.2d 475].)

[3] Section 667 declares as follows: "(a) In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction *on charges brought and tried separately*. The terms of the present offense and each enhancement shall run consecutively.

phrase in question may reasonably be read to require formally distinct criminal proceedings. Indeed, the terms of the provision clearly imply that it is the formal distinctiveness of the prior proceedings that is the predicate for separate enhancements. The implication becomes clearer still when section 667 is compared with other habitual criminal provisions, such as sections 667.5, 667.6, and 667.7, whose operation depends solely on the existence of prior convictions and prison terms. We recognize, however, that the phrase in question is not defined in section 667 or in the provision's direct legislative history or any other materials relevant thereto. Accordingly, we shall turn elsewhere to determine whether the reasonable reading set forth above is correct.

The language of section 667, "on charges brought and tried separately," is similar to language contained in former section 644, a habitual criminal statute, "upon charges separately brought and tried."[4] In *People* v. *Ebner* (1966) 64 Cal.2d 297 [49 Cal.Rptr. 690, 411 P.2d 578], this court construed the phrase to "signif[y] that the . . . prior felony proceedings must be totally separate, not only during proceedings before trial but also as to those leading to the ultimate adjudication of guilt." (*Id*. at p. 304.) As explained in *Ebner*, there is "no distinction between an adjudication of guilt based on a plea of guilt and that predicated on a trial on the merits." (*Ibid*.; see also *People* v. *Greenwell* (1962) 203 Cal.App.2d 1, 4 [21 Cal.Rptr. 161].)

It appears that the relevant phrase in section 667 was in fact derived from former section 644. Both former section 644 and section 667 are habitual

---

"(b) This section shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this section to apply.

"(c) The Legislature may increase the length of the enhancement of sentence provided in this section by a statute passed by majority vote of each house thereof.

"(d) As used in this section 'serious felony' means a serious felony listed in subdivision (c) of Section 1192.7.

"(e) The provisions of this section shall not be amended by the Legislature except by statute passed in each house by rollcall vote entered in the journal, two-thirds of the membership concurring, or by a statute that becomes effective only when approved by the electors." (Italics added.)

[4] Former section 644 declared in pertinent part as follows: (a) Every person convicted in this State of [specified crimes], . . . who shall have been previously twice convicted upon charges separately brought and tried, and who shall have served separate terms therefor in any state prison and/or federal penal institution either in this State or elsewhere, of [specified crimes], . . . shall be adjudged a habitual criminal and shall be punished by imprisonment in the state prison for life;

"(b) Every person convicted in this State of [specified crimes], . . . who shall have been previously three times convicted, upon charges separately brought and tried, and who shall have served separate terms therefor in any state prison and/or federal penal institution, either in this State or elsewhere, of [specified crimes], . . . shall be adjudged an habitual criminal and shall be punished by imprisonment in the state prison for life . . . ." (Stats. 1950, 1st Ex. Sess. 1950, ch. 28, § 1, pp. 470-471; repealed, Stats. 1976, ch. 1139, § 261.5, p. 5136.)

criminal statutes. Former section 644 required that the defendant must have suffered prior felony convictions "upon charges separately brought and tried" *and* must have "served separate terms therefor" in prison. (Stats. 1950, First Ex. Sess. 1950, ch. 28, § 1, pp. 470-471.) By contrast, section 667 requires that the defendant must have suffered prior felony convictions "on charges brought and tried separately" (*id.*, subd. (a)), but expressly does *not* require "prior incarceration or commitment" (*id.*, subd. (b)).

Under the rules of statutory construction the phrase in section 667 should be presumed to carry the same meaning as the phrase in former section 644. ▇▇ Generally, the drafters who frame an initiative statute and the voters who enact it may be deemed to be aware of the judicial construction of the law that served as its source. (Cf. *In re Lance W.* (1985) 37 Cal.3d 873, 890, fn. 11 [210 Cal.Rptr. 631, 694 P.2d 744] [stating that "The adopting body is presumed to be aware of existing laws and judicial construction thereof"].) ▇▇ In this case, the drafters of section 667 used a phrase that was virtually identical to that which appeared in former section 644, and used it without redefinition or qualification either express or implied. Had they intended the phrase to carry a different meaning, we believe they would have made their intention plain. Although the drafters evidently did not desire to introduce into section 667 the requirement of former section 644 that the defendant must have served separate prison terms for his prior felony convictions, they made no substantive change in the phrase in question. ▇▇ (See generally *People* v. *Weidert* (1985) 39 Cal.3d 836, 845-846 [218 Cal.Rptr. 57, 705 P.2d 380] ["Where the language of a[n initiative] statute uses terms that have been judicially construed, ' "the presumption is almost irresistible" ' that the terms have been used ' "in the precise and technical sense which had been placed upon them by the courts." ' "])

▇▇ Finally, there is no evidence to rebut the presumption that the phrase in section 667 carries the same meaning as the phrase in former section 644. Neither the words of section 667 nor its legislative history nor any of the extrinsic evidence that might be relevant here contain any indication that the provision should be understood differently from former section 644.

We conclude that the requirement in section 667 that the predicate charges must have been "brought and tried separately" demands that the underlying proceedings must have been formally distinct, from filing to adjudication of guilt. Here, as the record plainly reveals, the charges in question were not "brought . . . separately," but were made in a single complaint.

Respondent asserts that under section 667 charges should not be deemed to have been "brought" until an information is filed. We cannot agree. For

purposes here, "to bring charges" plainly means to initiate proceedings. (Cf. *People* v. *Ebner, supra,* 64 Cal.2d at p. 304 [construing former § 644].) This reading is altogether consistent with the general rule that it is the complaint that initiates felony proceedings. (See Cal. Const., art. I, § 14; Pen. Code, §§ 738, 859.)

Accordingly, we hold that under section 667 petitioner was subject to only one 5-year enhancement, not two.

The petition for writ of habeas corpus is granted. The sentence is vacated and petitioner is remanded to the Superior Court of Fresno County. The superior court is directed to redetermine petitioner's sentence and enter a new judgment accordingly.

Lucas, C. J., Broussard, J., Panelli, J., Eagleson, J., Kaufman, J., and Kennard, J., concurred.