Glen MASON, Petitioner—Appellant,

v.

J. HAMLET, Warden, Respondent—Appellee.

No. 02–56745.

United States Court of Appeals, Ninth Circuit.

Submitted March 31, 2004.*

Decided April 5, 2004.

Glen Mason, CDC #C–16092, CTF–Correctional Training Facility, Soledad, CA, pro se.

Shakti Murthy, Santa Monica, CA, for Petitioner–Appellant.

Rhonda L. Cartwright–Ladendorf, Esq., AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before D.W. NELSON, FERNANDEZ, and KLEINFELD, Circuit Judges.

## MEMORANDUM **

Glen Mason was convicted by a jury of two counts of first degree residential burglary, in violation of California Penal Code §§ 459, 460(a), and one count of attempted first degree burglary, in violation of California Penal Code §§ 459, 460(a), 464. The trial court sentenced Mason to 95 years to life under California's Three Strikes Law, finding that he had fourteen prior felony convictions and five prior pris-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

on terms. Mason petitioned for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, which the district court denied. On appeal, Mason claims that his sentence violates the Eighth Amendment since it is grossly disproportionate to his crime. Mason also alleges that his counsel provided ineffective assistance by failing to argue that two of Mason's prior burglary convictions could not be used to enhance his sentence under California Penal Code § 667(a) because they were not "brought and tried separately." We reject both of these claims and affirm the district court's denial of his habeas petition.

■ Mason contends that his 95–years–to–life sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment because he committed nonviolent burglaries. The Supreme Court has recently upheld the validity of California's Three Strikes Law against Eighth Amendment challenges. *See Ewing v. California,* 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003); *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). Mason attempts to distinguish his case by emphasizing that his sentence amounts–functionally, at least–to life without the possibility of parole, whereas the petitioners in both *Ewing* and *Andrade* received more lenient sentences. However, the Supreme Court has rejected the idea that a life sentence without the possibility of parole entitles a petitioner to special Eighth Amendment review. *See Harmelin v. Michigan,* 501 U.S. 957, 996, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Scalia, J.). Rather, the Court has consistently looked at the gravity of the crime in relation to the severity of the punishment, and has held that the Eighth Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 1001, 111 S.Ct. 2680 (Kennedy, J. concurring). Where the crime is violent or especially grave, a life sentence without the possibility of parole is constitutional. *Id.* at 1002, 1004, 111 S.Ct. 2680 (Kennedy, J. concurring). Here, Mason's crime, residential burglary, " 'by its very nature' " involves a substantial risk of violence. *United States v. M.C.E.,* 232 F.3d 1252, 1257 (9th Cir.2000). Therefore, his punishment does not run afoul of the Eighth Amendment.

■ Mason also claims that his counsel provided ineffective assistance by failing to argue that Mason's two prior burglary convictions could not be used to enhance his sentence under California Penal Code § 667(a) because they were not "brought and tried separately." However, California courts have consistently held that when a defendant is sentenced at one time for convictions arising out of different charging documents, bearing different numbers, and stemming from the defendant's commission of separate crimes, the defendant's sentence may be enhanced by five years for each such conviction. *See, e.g., People v. Wiley,* 9 Cal.4th 580, 38 Cal.Rptr.2d 347, 889 P.2d 541, 549–50 (1995). The record reveals that the prosecution initiated Mason's prior burglary prosecutions by separate charging documents, each bearing a different case number, and arising out of discreet incidents. Moreover, Mason entered into two separate plea agreements, one for each case number. These facts readily satisfy the "brought and tried separately" requirement. *See People v. Gonzales,* 220 Cal.App.3d 134, 269 Cal.Rptr. 221 (1990); *People v. Harris,* 192 Cal.App.3d 1197, 238 Cal.Rptr. 31 (1987).

Mason has not shown how his conviction and the subsequent state court decisions upholding his conviction were "contrary to, or involved in an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the

United States." 28 U.S.C. § 2254(d). Therefore, we

AFFIRM.