Filed 11/10/14  P. v. Deleon CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B252431 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA100149) |
| v. | |
| DANIEL DELEON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, George Genesta, Judge.  Affirmed in part, reversed in part and remanded.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and Kimberley J. Baker-Guillemet, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Daniel Deleon of one count of robbery (Pen. Code, § 211),[1] one count of false imprisonment by violence (§ 236), and one count of commercial burglary (§ 459.)  The trial court found true allegations that appellant suffered four prior convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and four prior serious felony convictions (§ 667, subd. (a)(1)).  Appellant contends on appeal that the trial court erred in finding the evidence sufficient to establish the four felony priors were brought and tried separately as required by section 667, subdivision (a)(1).  He further contends that the trial court erred in imposing separate punishments for the robbery and false imprisonment counts rather than staying one of the sentences pursuant to section 654.

We conclude that the evidence is insufficient to establish that appellant's four serious felony priors were brought and tried separately for purposes of section 667.  However, we further conclude that the trial court did not err in imposing separate sentences for the robbery and false imprisonment counts.  Because we conclude that the evidence does not support the imposition of four enhancements under section 667, subdivision (a)(1), we vacate the sentence and remand for resentencing and a retrial on the enhancement allegations, if the prosecution so elects.  In all other respects, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

*Prosecution Evidence*

Norma Morales owned a warehouse business in La Puente, California.  On June 15, 2011, around 4:30 p.m., she entered the business and closed the door.  As

---

[1]     All further statutory references are to the Penal Code.

soon as she closed the door, appellant opened the door and sprayed her in the face with WD-40. He closed the door, told her not to scream, and demanded money. Morales had never seen appellant before. She identified him at trial.

Appellant asked Morales for her purse, then took it from a nearby table. When she tried to pull the purse away from him, he punched her above her right eye and told her to move to the corner of the room, approximately 10 to 12 feet away, and to sit down. Appellant searched Morales' purse, but he found no money. He told Morales to stay where she was, and he began to bind her hands, feet, and mouth with tape he found in the office. While doing so, he noticed her wedding ring and told her to give it to him. She complied, and he left. Before leaving, he accidentally dropped the ring. Morales was able to free herself, ran to her husband's office in the same building and called the police.

Manuel Calderon worked as a security guard at the warehouse. He identified appellant at trial and stated that he had seen appellant and his friends loitering at the plaza "[m]ore than 20 times." Calderon had asked them to leave the property more than once. Surveillance video on the day of the incident showed appellant walking on the property around 4:30 p.m. and then running away from the property around 4:50 p.m.

Los Angeles County Sheriff's Deputy Sean Cariaga was assigned to investigate the incident approximately a year-and-a-half after it occurred. He interviewed Morales in November 2012 and showed her a six-pack photographic lineup that included appellant's picture. Morales identified appellant as her assailant. After appellant was arrested, he admitted spraying Morales and tying her up.

*Defense Evidence*

Appellant did not present any evidence.

*Procedural Background*

Appellant was charged by amended information with four counts: (1) robbery (§ 211), (2) false imprisonment by violence (§ 236), (3) commercial burglary (§ 459), and (4) kidnapping to commit robbery (§ 209, subd. (b)(1)). The information further alleged that appellant had suffered four Three Strikes convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and four prior serious felony convictions (§ 667, subd. (a)(1)).

Appellant pleaded not guilty and denied the allegations. Appellant's prior conviction allegations were bifurcated, and a jury trial commenced. Following the close of the prosecution's case, the trial court granted appellant's motion to dismiss the kidnapping charge. The jury found appellant guilty of the remaining three charges.

Appellant waived his right to a jury trial on his prior convictions. At the court trial, the prosecution introduced into evidence an abstract of judgment for case No. VA023577, showing that appellant was convicted in October 1992 on three counts of second degree robbery (§ 211) and one count of assault with a deadly weapon (§ 245, subd. (a)(1)).[2]

The trial court found true the allegations of four prior strikes and four prior serious felony convictions. The court sentenced appellant to a term of 70 years, calculated as follows: count 1, 25 years to life; count 2, consecutive term of 25

---

[2]    The prosecution also introduced appellant's chronological history or movement history within the prison system, fingerprint cards, and a photograph. In addition, a paralegal from the prosecutor's office and a forensic identification specialist testified regarding the documents.

years to life; count 3, 25 years to life, stayed pursuant to section 654; 20 years for the four prior convictions pursuant to section 667, subdivision (a)(1). Appellant filed a timely notice of appeal.

## DISCUSSION

I. *Prior Serious Felony Convictions*

Appellant contends that the evidence was insufficient to establish that the four serious felony priors were brought and tried separately as required by section 667, subdivision (a)(1). We agree.

Section 667 provides in relevant part that "any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately." (§ 667, subd. (a)(1).) "[T]he requirement in section 667 that the predicate charges must have been 'brought and tried separately' demands that the underlying proceedings must have been formally distinct, from filing to adjudication of guilt." (*In re Harris* (1989) 49 Cal.3d 131, 136 (*Harris*).) "[A] court may look to the record of conviction to determine whether the defendant's prior serious felony convictions were sustained "'on charges brought and tried separately . . . ."' [Citation.]" (*People v. Wilson* (2013) 219 Cal.App.4th 500, 510 (*Wilson*).)

"The People must prove each element of an alleged sentence enhancement beyond reasonable doubt. [Citation.]" (*People v. Delgado* (2008) 43 Cal.4th 1059, 1065.) In reviewing appellant's challenge to the sufficiency of the evidence to uphold the court's imposition of the enhancement, we determine "whether a reasonable trier of fact could have found that the prosecution sustained its burden.

5

We review the record in the light most favorable to the trial court's findings. [Citation.]" (*People v. Towers* (2007) 150 Cal.App.4th 1273, 1277.)

In *Harris*, the petitioner received two separate five-year enhancements for prior robbery convictions under 667. However, the two prior convictions "arose from a single proceeding which was initiated through the filing of a single complaint in municipal court and was followed by a single preliminary hearing in the same court; the original proceeding was thereafter prosecuted in superior court under two separate informations." (*Harris*, *supra*, 49 Cal.3d at p. 134.) The California Supreme Court concluded that "the requirement in section 667 that the predicate charges must have been 'brought and tried separately' demands that the underlying proceedings must have been formally distinct, from filing to adjudication of guilt." (*Id.* at p. 136.) Because the two convictions were initiated in a single complaint, the petitioner was subject to only one five-year enhancement under section 667. (*Id.* at pp. 136-137.)

In the instant case, respondent contends that appellant's four prior convictions were based on four separate incidents that occurred on three separate dates, based on the prosecution sentencing memorandum and the transcript of the sentencing hearing, where the court read aloud the portions of the sentencing memorandum. According to the memorandum, the prior serious felonies occurred as follows: (1) on July 11, 1992, appellant stabbed a man; (2) on July 15, 1992, he robbed a victim of his car; (3) on July 15, 1992, he robbed a market; (4) on July 16, 1992, he robbed a convenience store. Assuming that the sentencing memorandum is correct as to the sequence of the prior crimes, it does not establish that they were brought and tried separately. (§ 667, subd. (a)(1); *Harris*, *supra*, 49 Cal.3d at p. 136; see *People v. Deay* (1987) 194 Cal.App.3d 280, 288 [rejecting the People's

6

argument that the defendant should receive two enhancements under 667 because "the prior underlying offenses were not committed in 'one criminal escapade'"].)

The only evidence regarding the proceedings that resulted in appellant's prior convictions is an abstract of judgment, which shows that appellant was convicted on October 30, 1992 of four counts in case No. VA023577: three second degree robbery counts and one assault count. He was sentenced to five years on count 3, robbery, and one-year consecutive terms each on counts 1 (assault), 2 (robbery), and 4 (robbery). In addition, he received enhancements under sections 12022.5 and 12022.7, for a total term of 15 years, 4 months. Thus, given that appellant was convicted and sentenced in the same proceeding, and there is no evidence that the underlying proceedings were formally distinct in any way (*Harris, supra,* 49 Cal.3d at p. 136), it appears that the four crimes were not brought and tried separately as required by section 667, subdivision (a)(1).

The decisions on which respondent relies -- *People v. Wagner* (1994) 21 Cal.App.4th 729 (*Wagner*), *People v. Smith* (1992) 7 Cal.App.4th 1184 (*Smith*), and *People v. Gonzales* (1990) 220 Cal.App.3d 134 (*Gonzales*) – do not change this conclusion. Unlike the present case, those decisions involved convictions that were brought separately and sentenced separately, but obtained through guilty pleas entered in single proceedings.

Thus, in *Wagner*, the defendant's two prior convictions "were charged in separate felony complaints," with separate case numbers. (*Wagner*, *supra*, 21 Cal.App.4th at p. 732.) The defendant pled guilty to the two separate complaints in one proceeding, but "[t]hroughout this plea proceeding, the magistrate distinguished between the two cases and repeatedly referred to them as 'both cases.'" (*Ibid.*) In addition, the clerk of the court noted the necessity of specifying "which sentence went with which complaint," and the defendant "was sentenced

7

separately on each case under its respective number." (*Ibid.*) On appeal, the appellate court held that the cases were brought and tried separately because the convictions originated in separate complaints, the complaints retained their separate character, and the defendant entered a separate plea on each and was sentenced separately on each. (*Id.* at p. 737.)

Similarly, the prior convictions in *Smith* were "brought separately under separate case numbers pertaining to separate crimes," and "none of the cases was consolidated." (*Smith*, *supra*, 7 Cal.App.4th at p. 1189.) The record in *Smith* showed "the verbal and paper-work references to the cases were separate with files for each case and transcripts showing each case was dealt with by its separate number." (*Id.* at p. 1192.) The record further showed that "the convictions are based on unrelated counts of different accusatory pleadings." (*Ibid.*) The appellate court thus found it "not significant for purposes of section 667, subdivision (a), that the guilty pleas were taken on the same date. . . . Obvious considerations of judicial efficiency called for that type of processing the multiple cases of a single defendant." (*Ibid.*) The decision in *Gonzales*, *supra*, 220 Cal.App.3d at page 144, in which the charges were "formally distinct from their inception through sentencing," is to the same effect.

Here, as we have explained, there is no evidence that the charges were handled in formally distinct proceedings. Thus, the evidence is not sufficient to uphold the imposition of four separate enhancements. We therefore reverse the sentence and remand for resentencing.

"[T]he doctrine of double jeopardy will not bar the retrial of a prior conviction allegation after reversal on the ground of evidentiary insufficiency. [Citation.]" (*People v. Scott* (2000) 85 Cal.App.4th 905, 908, see *People v. Monge* (1997) 16 Cal.4th 826, 843.) On remand, therefore, the prosecution, if it chooses,

8

may present additional evidence, if any, that might establish that the charges were tried and brought separately. (*People v. Roberts* (2011) 195 Cal.App.4th 1106, 1133; see also *People v. Barragan* (2004) 32 Cal.4th 236, 239 [retrial of a strike allegation permissible where a trier of fact finds the allegation to be true but an appellate court reverses]; *People v. Griffis* (2013) 212 Cal.App.4th 956, 965 [on remand after reversal for insufficient evidence of strikes, "[t]he People will have the opportunity to introduce new evidence that the priors qualified as a strike, if they can"].)

II.     *Section 654*

Appellant contends that the court improperly imposed separate punishments for the robbery and false imprisonment charges because they were committed in an indivisible course of conduct pursuant to a single objective within the meaning of section 654. However, substantial evidence supports the trial court's implicit conclusion that the robbery and false imprisonment had different intents and objectives.

"'Section 654 precludes multiple punishments for a single act or indivisible course of conduct. [Citation.]' [Citation.] '"Whether a course of criminal conduct is divisible . . . depends on the *intent* and *objective* of the actor."' [Citation.] '[I]f all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and therefore may be punished only once. [Citation.] [¶] If, on the other hand, defendant harbored "multiple criminal objectives," which were independent of and not merely incidental to each other, he may be punished for each statutory violation committed in pursuit of each objective, "even though the violations

9

shared common acts or were parts of an otherwise indivisible course of conduct." [Citation.]' [Citation.]

"'"'The question whether . . . section 654 is factually applicable to a given series of offenses is for the trial court, and the law gives the trial court broad latitude in making this determination. Its findings on this question must be upheld on appeal if there is any substantial evidence to support them." [Citation.] . . . "'We must "view the evidence in a light most favorable to the respondent and presume in support of the [sentencing] order the existence of every fact the trier could reasonably deduce from the evidence. [Citation.]" [Citation.]' [Citation.]" [Citation.]' [Citation.]" (*People v. Galvez* (2011) 195 Cal.App.4th 1253, 1262-1263.)

Here, when Morales first confronted Morales, he was seeking to rob her only of money. After spraying her with WD 40, closing the door of her office, and telling her not to scream, he demanded money, asked for her purse, and then took the purse from a nearby table. When she tried to pull the purse away from him, he punched her above her right eye and told her to move to the corner of the room, which was approximately 10 to 12 feet away, and to sit down. He then unsuccessfully searched the purse for money, after which he told Morales to stay where she was, and began to bind her hands, feet, and mouth with tape he found in the office.

From this evidence, it can be inferred that appellant's sole initial intent was to rob Morales of money, and that the false imprisonment was intended to facilitate both that intended taking (when he punched her and ordered her to sit in the corner) and his planned escape (binding her in the corner after finding no cash in her purse).

10

The taking of the wedding ring, which was the basis of the robbery conviction, was accomplished with a separate intent and objective. While binding Morales (intending to facilitate his escape after not finding any money), defendant noticed Morales' wedding ring. Only then did he form the intent to take it, and only then, when she complied with his demand to give it to him, did he commit robbery. Thus, the intent to take the ring was independent of the purpose and objective of the false imprisonment (which was to facilitate the initial intent to take money and then to facilitate escape). Although the robbery and the false imprisonment shared certain acts, they were motivated by separate criminal objectives and thus subject to separate punishment under section 654.

## DISPOSITION

The judgment of conviction is affirmed. The true finding on the allegations of four prior serious felony convictions under section 667 is reversed and the sentence vacated. The case is remanded for a retrial on the prior conviction allegations if the prosecution so elects. If the prosecution does not elect to retry the allegations or does not prove the allegations on retrial, the court shall resentence appellant with only one enhancement. After resentencing, the trial court is directed to prepare a modified abstract of judgment and forward it to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


MANELLA, J.

12