Filed 1/6/16  P. v. Mitchell CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062512 |
| v. | (Super.Ct.No. RIF1203662) |
| MICHAEL WAYNE MITCHELL, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Edward D. Webster, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed in part; reversed in part with directions.

Kristin A. Erickson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Meagan Beale and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

Defendant Michael Wayne Mitchell, Jr., appeals from his conviction pursuant to a guilty plea to robbery with the use of a dangerous or deadly weapon, a pellet gun (Pen. Code, §§ 211, 12022, subd. (b)(1), 1192.7, subd. (c)(23)),[1] assault with a deadly weapon (§ 245, subd. (a)(1)), and false imprisonment (§ 236), as well as numerous prior conviction allegations (§§ 667.5, subd. (b), 667, subds. (a), (c), (e), 1170.12, subd. (c)). Defendant contends the trial court erred in imposing four separate five-year terms under section 667, subdivision (a), for prior convictions because three of the prior felonies were not brought and tried separately.

The People concede that one of the five-year enhancements must be stricken because two of the robbery convictions arose from the same incident. We conclude that two of the enhancements must be stricken because the evidence was insufficient to establish that three of defendant's prior convictions resulted from felonies brought and tried separately.

FACTS AND PROCEDURAL BACKGROUND

**The Underlying Crimes**

The facts of the underlying crimes are not relevant to the issues on appeal and will therefore be set forth summarily. In July 2012, defendant entered a hotel, jumped over the counter, and pistol-whipped the desk clerk with a pellet gun. He had the clerk open the register. He then took the $14 that was in the register. He held the gun to the clerk's

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

head and ordered her to a room in the back of the store, where he disabled the camera system. He then put her in a bathroom and told her to stay there for 10 minutes. The clerk heard defendant taking a safe from the store, and when she exited the bathroom, she saw him loading the safe into his car. The safe contained approximately $1,300. The next day, officers found a dismantled safe in defendant's garage and a pellet gun under his mattress. He confessed to the robbery.

Defendant entered a plea of guilty to robbery with the use of a dangerous or deadly weapon, a pellet gun (§§ 211, 12022, subd. (b)(1)—count 1), assault with a deadly weapon (§ 245, subd. (a)(1)—count 2), and false imprisonment (§ 236—count 3).

**The Prison Term Priors**

The prior convictions were tried separately to the court. The prosecutor introduced into evidence section 969, subdivision (b), packets from the Department of Corrections and Rehabilitation. One packet contained an amended abstract of judgment from case No. CR142830. The abstract indicated defendant had been convicted by jury verdict in March 1994 of attempted murder and by guilty plea in May 1994 of two robberies. The trial court in the current matter found those three alleged priors to be true beyond a reasonable doubt. The trial court also found that defendant had suffered another prior, a 1986 robbery conviction; defendant does not challenge the five-year enhancement for that conviction.

Defendant requested the trial court exercise its discretion to dismiss his strike priors under *People v. Romero* (1996) 13 Cal.4th 497. At the hearing on his *Romero* motion, defendant provided a letter explaining that the two conviction dates in 1994

occurred because he was found guilty on attempted murder, but "[t]hey hung on the 211's, which I pleaded to later." The trial court denied the *Romero* motion.

**Sentence**

The trial court sentenced defendant to 25 years to life for each of the three substantive counts (§§ 211, 245, subd. (a)(1), 236), stayed the sentence for count 2 (§ 654), and ordered that the sentence for count 3 would be concurrent. The trial court imposed a one-year consecutive enhancement for the weapon use in count 1 (§ 12022, subd. (b)(1), 1192.7, subd. (c)(23)) and four five-year consecutive enhancements for the serious prior convictions (§ 667, subd. (a)).

DISCUSSION

**Standard of Review**

When a defendant challenges the sufficiency of the evidence to prove a sentence enhancement, we review the record in the light most favorable to the judgment to determine whether a reasonable trier of fact could have found that the prosecution met its burden of proving each element of the enhancement beyond a reasonable doubt. (*People v. Tenner* (1993) 6 Cal.4th 559, 567.)

**Sufficiency of Evidence That Charges Were Brought and Tried Separately**

Section 667, subdivision (a)(1), provides that "any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately." "[T]he requirement in section 667 that the predicate charges must have been 'brought and

4

tried separately' demands that the underlying proceedings must have been formally distinct, from filing to adjudication of guilt." (See *In re Harris* (1989) 49 Cal.3d 131, 136 (*Harris*).)

"Due process requires the prosecution to shoulder the burden of proving each element of a sentence enhancement beyond a reasonable doubt." (*People v. Tenner*, *supra*, 6 Cal.4th at p. 566.) What is required is that the ". . . underlying proceedings must have been formally distinct, from filing to adjudication of guilt." (*Harris*, *supra*, 49 Cal.3d at p. 136.) If the charges were made in a single complaint, the court can impose only a single five-year enhancement. (*Id.* at pp. 136-137.)

The People concede that the evidence was insufficient to establish that the two robbery convictions on May 5, 1994, were brought and tried separately because those convictions arose from the same incident, and one of the five-year enhancements under section 667, subdivision (a), must therefore be stricken. The People contend, however, that the trial court could reasonably infer that defendant's conviction of attempted murder on March 11, 1994, was brought and tried separately from those robberies. To support that argument, they cite *People v. Wagner* (1994) 21 Cal.App.4th 729 (*Wagner*) and *People v. Gonzales* (1990) 220 Cal.App.3d 134 (*Gonzales*). We find those cases distinguishable.

In *Wagner,* the defendant's convictions not only involved separate criminal incidents, but they also originated in separate complaints. Moreover, the two cases were distinguished throughout the plea hearing and sentencing hearing, and the defendant was awarded different custody credits for the separate offenses. (*Wagner*, *supra*, 21

Cal.App.4th at p. 737.) In *Gonzales*, two cases were filed separately and were separately numbered, although the defendant entered a plea bargain in both cases on the same date. (*Gonzales*, *supra*, 220 Cal.App.3d at p. 143.) As in *Wagner*, presentence custody credits were treated differently for the two offenses. (*Gonzales*, at p. 143.)

Here, in contrast, although the convictions apparently involved separate criminal incidents, no evidence was presented to show that they originated in separate complaints; indeed, the cases bore the same case number. Unlike in *Wagner* and *Gonzales*, no evidence showed that they were distinguished at the underlying sentencing hearing, and the amended abstract of judgment does not indicate that different custody credits were awarded for the separate offenses.

Thus, while the evidence could support a finding that the cases were *tried* separately, it was wholly insufficient to support a finding that they were *brought* separately. In that regard, our Supreme Court in *Harris* has held that if charges were made in a single complaint, the court can impose only a single five-year enhancement. (*Harris*, *supra*, 49 Cal.3d at pp. 136-137.)

In *People v. Wiley* (1995) 9 Cal.4th 580, the court stated that while the prosecution need not always produce the complaint to establish that charges were brought and tried separately, it was advisable to do so unless a reasonable inference could be drawn from other evidence. For example, in that case, when "the separate informations from which the alleged prior convictions arose bear case numbers that differ significantly (Nos. 27767 and 27902), the trial court reasonably could infer that the charges had been initiated in separate complaints. Had the charges been filed in a single complaint,

6

followed by a single preliminary hearing, but thereafter been prosecuted in superior court under separate informations, as in *Harris*, we would expect those informations to bear case numbers that are successive, or nearly so. [Citation.] The circumstance that the informations in the present case bear case numbers that differ significantly is sufficient, in the absence of contrary evidence, to support a reasonable inference that the charges were filed in separate complaints and, therefore, were separately brought within the meaning of section 667(a)(1)." (*Id.* at p. 593.) No such inference may reasonably be drawn in the present case when all convictions arose under the same case number. We therefore conclude that two of the five-year enhancements under section 667, subdivision (a), must be stricken.

**Proceedings on Remand**

The People assert that we should remand the matter to the trial court for, at the prosecution's discretion, retrial on the prior convictions under section 667, subdivision (a), or resentencing to impose a one-year enhancement under section 667.5, subdivision (b).

*Retrial*

As the People point out, retrial of prior conviction findings is not barred by double jeopardy prohibitions when such a finding is reversed for lack of substantial evidence. (*People v. Monge* (1997) 16 Cal.4th 826, 839-843.) Thus, retrial is not precluded "provided that the People, at such retrial, present *additional* evidence beyond that previously found to be insufficient." (*People v. Scott* (2000) 85 Cal.App.4th 905, 908.)

7

We will therefore remand the matter to allow the People to elect to retry the prior conviction allegations under section 667, subdivision (a)(1).

*One-year Enhancement Under Section 667.5, Subdivision (b)*

The People argue that if this court strikes one of the enhancements under section 667, subdivision (a), the trial court could properly impose a one-year enhancement under section 667.5, subdivision (b), which provides: "[W]here the new offense is any felony for which a prison sentence . . . is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term . . . provided that no additional term shall be imposed under this subdivision for any prison term . . . prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody . . . or any felony sentence that is not suspended."

Defendant was released from prison on June 27, 2005, and was discharged from parole on June 27, 2008. He committed the current offenses on July 2, 2012. He contends that the prior offenses have "washed out" under the five-year period set forth in the last phrase of section 667.5, subdivision (b), set forth, *ante*. Under the "'washout rule,'" the one-year enhancement does not apply if a defendant remains free of prison custody and does not commit a new felony for any five-year period following discharge from custody or release on parole. (*People v. Fielder* (2004) 114 Cal.App.4th 1221, 1229.) "[F]or the prosecution to prevent application of the 'washout' rule, it must show a defendant *either* served time in prison *or* committed a crime leading to a felony conviction within the pertinent five-year period." (*Ibid.*)

The People apparently interpret the requirement of remaining free from prison custody as extending it until defendant was discharged *from* parole, which took place less than five years from the current crimes.  However, the statute provides that the five-year period begins to run from the time a defendant is released *on* parole, not from the time he is discharged from parole:  "For the purposes of this section, the defendant shall be deemed to remain in prison custody for an offense until the official discharge from custody, including any period of mandatory supervision, or until release on parole or postrelease community supervision, whichever first occurs, including any time during which the defendant remains subject to reimprisonment . . . or is reimprisoned on revocation of parole or postrelease community supervision." (§ 667.5, subd. (d).)  For example, in *People v. Nobleton* (1995) 38 Cal.App.4th 76, the court held that when the defendant had been paroled on July 10, 1988, and had committed a new crime on March 15, 1994, a period of more than five years had run, precluding an enhancement under section 667.5, subdivision (b), even though he was not discharged from parole until July 11, 1991.  (*Id.* at pp. 84-85.)  Here, likewise, a period of more than five years had run between defendant's release on parole and his commission of the current offenses.

We therefore reject the People's argument that on remand the trial court should consider whether to impose a one-year enhancement under section 667.5, subdivision (b).

DISPOSITION

Defendant's sentence is vacated. Two of the three true findings as to the allegations that defendant suffered three prior convictions (§ 667, subd. (a)) brought and tried separately in case No. CR142830 are reversed. The matter is remanded for a retrial as to those allegations and for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.

10