Filed 3/4/14  P. v. Puckett CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MARLON PUCKETT,<br><br>     Defendant and Appellant. | A138875<br><br>(San Mateo County<br>Super. Ct. No. SC038062A) |
| In re MARLON PUCKETT. | A140769 |

Defendant appeals from the denial of his petition to recall his sentence of 65 years to life pursuant to Penal Code[1] section 1170.126. His attorney has filed a brief requesting this court to review the record for potential error pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Counsel has advised defendant of his right to file a supplemental brief, which he has not done. Defendant has also filed a petition for a writ of habeas corpus challenging the imposition of one 5-year enhancement included in his sentence. The Attorney General has filed an opposition to the petition and defendant has filed a traverse. We hereby consolidate the two appeals for disposition. We find no merit or cause for further briefing in any of defendant's contentions.

In October 1996 defendant was sentenced to a term of 65 years to life, comprised of two consecutive 25-year-to-life sentences imposed for two residential burglaries (§§ 459, 460, subd. (a)), as third "strikes" pursuant to section 1170.12, subdivision (c)(2),

---

[1] All statutory references are to the Penal Code.

1

plus three consecutive five-year terms for the commission of prior serious felony convictions in 1982, 1985 and 1991, pursuant to section 667, subdivision (a). In December 2012, defendant petitioned the superior court to recall his sentence and to resentence him pursuant to the recently enacted (by Proposition 36 on the 2012 ballot) section 1170.126. The trial court denied the petition on the ground that defendant is not eligible for resentencing under the new measure because his third strike convictions in 1996 were for serious felonies. Defendant has timely appealed from that denial.

Initially, there is a question whether the order denying defendant's petition is an appealable order. Courts of Appeal have reached conflicting determinations of this question, and the issue is now pending before the Supreme Court. (*Teal v. Superior Court*, review granted July 31, 2013, S212017); *People v. Hurtado*, review granted July 31, 2013, S211708; *People v. Leggett*, review granted Dec. 18, 2013, S214264.) Pending the determination of our high court we shall, as did one of the decisions pending before the Supreme Court, hold the order to be appealable. (*People v. Wortham* (2013) 220 Cal.App.4th 1018, review granted Jan. 15, 2014, S214844.)

Considering the merits of the appeal, defendant's petition was properly denied. The two residential burglaries for which defendant was convicted in 1996 are "serious" felonies as defined in section 1192.7, subdivision (c)(18). Section 1170.126, subdivision (b) authorizes a person serving an indeterminate term of life imprisonment imposed pursuant to the three strikes law to petition for a recall of sentence only if the sentence was imposed upon a conviction of a felony that is "not defined as serious and/or violent felonies by subdivision (c) of section 667.5 or subdivision (c) of section 1192.7."[2] The

---

[2] Section 1170.126, subdivision (b) reads as follows: Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667,

trial court properly rejected defendant's suggestion that the court "transform" his prior convictions to come within the new legislation, an act for which there is absolutely no authority.

Defendant's habeas corpus petition presents a slightly more substantive question, but ultimately one without merit. Defendant contends that in 1996 the trial court erred in deeming his 1982 burglary conviction to require a five-year enhancement under section 667, subdivision (a). That section requires imposition of the enhancement for the prior conviction of a serious felony as defined in section 1192.7, subdivision (c). In 1996, the jury returned a verdict finding it true that defendant had served a prior prison term for the following conviction: "2/19/82 Burglary-2d Degree (Residential), San Mateo County, Superior Court Case #C10810." Section 1192.7, subdivision (c)(18), as it now reads, includes as a serious felony "any burglary of the first degree." Since he was convicted in 1982 of burglary in the second degree, defendant argues, the court imposed an unauthorized sentence in 1996 which can be corrected by habeas corpus. (*In re Harris* (1989) 49 Cal.3d 131, 134 fn. 2.)

Initially, we reject the Attorney General's arguments that the issue is not properly considered on a petition for habeas corpus. The evaluation of defendant's contention does not require an inquiry into the sufficiency of the evidence on which the 1996 verdict was based. The verdict, as quoted above, explicitly finds that defendant was convicted of burglary in the second degree for a residential burglary. The flaw in defendant's contention lies in the fact that the applicable statutory provisions have been modified over time. When defendant committed the residential burglary for which he was convicted in 1982, burglary was then defined as first degree only if committed in the nighttime. (Stats. 1978, ch. 579, § 23, p. 1985). That limitation was removed in 1982, subsequent to defendant's conviction. (Stats. 1982, ch. 1297, § 1, p. 4786.) However, the enhancement provision, section 1192.7, subdivision (c), refers not to the previous

---

and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section.

designation of the offense as first or second degree, but to the conduct underlying the prior conviction. (*People v. Cruz* (1996) 13 Cal.4th 764, 773; *People v. Garrett* (2001) 92 Cal.App.4th 1417, 1423.) The enhancement applies if the prior offense was a burglary that comes within the definition of that offense as that crime is defined in section 1192.7, subdivision (c) at the time of the later crime for which the sentence is imposed. Were the current version of section 1192.7, subdivision (c)(18) applicable, defendant's 1982 conviction would come within the statute because all residential burglaries are now defined as a burglary of the first degree. When defendant was sentenced in 1996, the time that is relevant here, the enhancement provision then applied to "burglary of an inhabited dwelling house" (Stats. 1978, ch. 579, § 23, p. 1985), which clearly applied to the 1982 conviction, whether the burglary occurred in the daytime or the nighttime. Over the course of numerous amendments to both the burglary and enhancement provisions, the intent has been "to treat all residential burglaries as 'serious' felonies" within the scope of the enhancement provision. (See *People v. Garrett, supra,* 92 Cal.App.4th at pp. 1423-1425.) Hence, the imposition of this five-year enhancement was an authorized sentence which there is no reason to set aside.

## Disposition

The order denying defendant's motion to recall his sentence is affirmed. The petition for a writ of habeas corpus is denied.

_____
Pollak, J.

We concur:

_____
McGuiness, P. J.

_____
Siggins, J.

4