Filed 7/22/14  P. v. Williams CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058386 |
| v. | (Super.Ct.No. INF10001426) |
| SHONTE CLIFFORD WILLIAMS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Graham Anderson Cribbs, Judge.  Affirmed as modified.

Michael Bacall, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Alana Butler and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Shonte Williams is serving a determinate term to be followed by a third-strike sentence, imposed after a 2010 crime spree that included residential burglary and robbery.  Defendant challenges the determinate sentence on the basis that two of the serious prior felony convictions were not brought and tried separately under Penal Code section 667, subdivision (a).[1]  The People concede and this court agrees.  Therefore we stay one of the five-year terms imposed under section 667, subdivision (a).

### FACTS AND PROCEDURE

On May 31, 2010, defendant and an accomplice robbed a Subway restaurant at gunpoint.  During the robbery, defendant shocked the Subway manager with a Taser gun.

In the early hours of June 7, 2010, defendant and accomplices burglarized two homes.

On January 31, 2013, a jury found defendant guilty of two counts of robbery (§ 211), two counts of residential burglary (§ 459), and one count of commercial burglary (§ 459).  The jury also found true quite a number of enhancements not relevant to this appeal.

On February 5, 2013, the trial court found that defendant had three strike priors (§§ 667, subds. (c) & (e)(1), and 1170.12, subd. (c)(1)) and three serious felony priors (§ 667, subd. (a)).

On March 15, 2013, the trial court sentenced defendant to a determinate term of 17 years, to be followed by an indeterminate term of 75 years to life.  The 17-year

_____

[1]  All section references are to the Penal Code unless otherwise indicated.

2

determinate term was composed of five years for each of the three serious felony priors plus one year each for two arming enhancements.[2] Two of the serious prior felonies were from the same case, number INF044919.

This appeal followed.

## DISCUSSION

Defendant argues, the People concede, and this court agrees, that the trial court improperly imposed one of the three five-year determinate terms for the serious felony priors because two of the serious felony prior convictions were prosecuted under the same case number.

Section 667, subdivision (a), provides in part: "[A]ny person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges *brought and tried separately*." (Italics added.)

Similarly, in *In re Harris* (1989) 49 Cal.3d 131, our Supreme Court held that a defendant was subject to only one five-year enhancement under section 667 because "the [two] charges . . . were not 'brought . . . separately' but were made in a single complaint." (*Harris* at pp. 136-137.) Here, defendant's two convictions in case number INF044919 were not initially charged together, but the prosecution filed an amended complaint and

---

[2] The arming enhancements are for defendant being personally armed with the Taser during the Subway robbery (§ 12022, subd. (b)(1)) and for a codefendant being armed with a gun during one of the residential burglaries (§ 12022, subd. (a)(1)).

3

appellant pled guilty to the two charges in a single plea agreement.  Because the two convictions arose from charges that were not brought and tried separately, they can support only one five-year enhancement under section 667, subdivision (a).  We therefore stay one of the five-year enhancements.  (Cal. Rules of Court, rule 4.447.)

## DISPOSITION

The judgment is modified to stay one of the prior serious felony enhancements and amend the determinate sentence to 12 years.  The trial court is directed to amend the abstract of judgment to reflect the modification and to send a copy of the amended abstract to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

GAUT

J.[*]

We concur:

RAMIREZ

P. J.

RICHLI

J.

---

[*]  Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.