Filed 8/7/15  P. v. Whicker CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STACEY J. WHICKER,<br><br>    Defendant and Appellant. | B255716<br><br>(Los Angeles County<br>Super. Ct. No. MA058071) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Bernie C. LaForteza, Judge.  Affirmed with modifications.

Jin H. Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Marc A. Kohm and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Stacey Whicker (appellant) was convicted, following a jury trial, of two counts of assault with a firearm in violation of Penal Code[1] section 245, subdivision (a)(2), one count of false imprisonment in violation of section 236, one count of misdemeanor battery in violation of section 243, subdivision (e)(1), one count of possession of a firearm by a felon in violation of section 29800, subdivision (a)(1), one count of possession for sale of cocaine in violation of Health and Safety Code section 11351, and one count of possession for sale of cocaine base in violation of Health and Safety Code section 11351.5. The jury found true the allegations that appellant personally used a firearm in the commission of the assault and false imprisonment offenses within the meaning of section 12022.5, subdivision (a). Appellant admitted that he had suffered three prior serious felony convictions within the meaning of sections 667, subdivisions (b) through (i), and 1170.12 (the Three Strikes law) and section 667, subdivision (a)(1). Appellant also admitted that he had served two prior prison terms within the meaning of section 667.5, subdivision (b). The trial court sentenced appellant to a total term of 105 years and 8 months to life in prison.

Appellant appeals from the judgment of conviction, contending the true findings on the prior conviction allegations must be vacated because his admissions were obtained in violation of state law, were not voluntary and intelligent, and violated his right to due process under the United States Constitution. Appellant and respondent agree that two of the three enhancements imposed pursuant to section 667, subdivision (a)(1), must be stricken because they were not brought and tried separately. Respondent and appellant agree that the count 6 sentence must be corrected to reflect the correct length of the mid-term.

We order appellant's sentence corrected, as set forth in more detail in the disposition. We affirm the judgment of conviction in all other respects.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

Facts

On December 1, 2012, appellant, his girlfriend Tiejera Scruggs (Scruggs), and Scruggs' brother Christopher Taylor (Taylor) were at a house in Lancaster. Appellant and Scruggs got into an argument in appellant's bedroom, and appellant punched Scruggs and held her down. Taylor came into the bedroom, and tried to calm appellant down. Taylor and Scruggs then went into another bedroom. Appellant followed and pointed a gun at Scruggs. Taylor stood in front of Scruggs to protect her. The argument moved around the house. When Scruggs tried to leave, appellant grabbed her, pointed a gun at her and told her that she was not leaving. The argument continued. Taylor jumped on appellant and stabbed him with a screwdriver. Scruggs punched appellant. Taylor and Scruggs fled the house.

Taylor found a neighbor, who called the police. Scruggs continued to flee, but appellant, driving Scruggs' car, caught up with her and forced her into the car. He told her to drive. They were later stopped by Los Angeles County Sheriff's deputies, who found several small plastic bags of cocaine and cocaine base on the floorboard of the passenger side of the car, where appellant was sitting. A deputy saw one of the bags fall from appellant's lap. There was also over $3,000 in cash in the bags.

Discussion

1. Admission of prior conviction allegations

The trial court advised appellant of his right to a jury and/or court trial[2] on the truth of the prior conviction allegations, but erroneously failed to advise appellant that he had the right to remain silent and to confront witnesses in connection with such a trial. The trial court obtained an express waiver from appellant of his right to a jury trial but did not obtain an express waiver of a court trial. Appellant contends that under the

---

[2] The trial court erroneously advised appellant that he had a right to a "court and/or jury trial with [*sic*] the truth of the prior convictions." In fact an accused has only the right to a jury trial of a prior conviction allegation, and does not have an independent right to a court trial. (§ 1025; *People v. Epps* (2001) 25 Cal.4th 19.)

3

totality of the circumstances, his admission of his prior convictions was not voluntary and intelligent because his expectation was that he would receive a court trial on the priors.

a. Trial court proceedings

Once the jury began deliberations, the trial court said to appellant's counsel, "With regard to [appellant's] priors, you indicated he was going to waive." Counsel replied, "We talked about it this morning. I believe that [appellant] wants to admit those prior convictions. I don't know if you want to do that today or do it tomorrow." The court replied, "We can do it now."

The court then addressed appellant stating, "Mr. Whicker, your attorney indicated to me you're going to waive your right to have a jury trial on the jury [*sic*] convictions. You have a right to a jury trial so that the jury can determine whether or not those prior convictions are true. [¶] It is also indicated you would be willing and [*sic*] admit those prior convictions, so we don't have to have a trial on that. [¶] You have a right to have a court trial and/or jury trial with the truth of the prior conviction. [¶] Do you understand your right to have a jury trial and a court trial as to the prior convictions?" Appellant responded, "Yes."

The court next asked appellant, "And do you waive your right to have a jury trial?" Appellant replied, "Yes."

The court then read appellant's alleged prior convictions, asking after each one, "Do you admit or deny that prior?" Appellant replied either, "I admit it" or simply, "Admit it." The court asked if appellant's counsel joined in the admission, and counsel responded, "Yes."

The trial court stated, "The court finds the defendant has knowingly, voluntarily waived of [*sic*] his right to a trial on the prior convictions, and the court finds his admission was made knowingly, voluntarily, and the court will accept the admission to have the prior conviction."

4

b.  Forfeiture

Respondent contends that appellant has forfeited his claims because (1) when his counsel told the court, "I believe that [appellant] wants to admit [the] prior convictions" appellant did not disagree; (2) appellant admitted his convictions even though the trial court did not ask if appellant waived a court trial; and (3) when the court found that appellant had "knowingly, voluntarily waived of his right to a trial on the prior convictions," appellant did not object.

Although respondent cites several cases concerning the general rules of forfeiture, the only factually similar case cited by respondent to support a finding of forfeiture is *People v. Vera* (1997) 15 Cal.4th 269 (*Vera*).  In that case, the defendant claimed that the trial court erred in failing to obtain an express waiver of his right to a jury trial before discharging the jury and conducting a court trial on his prior convictions.  The Supreme Court found that the defendant forfeited his claim by failing to object to the discharge of the jury or the commencement of the court trial.  (*Id*. at p. 278.)  The Supreme Court has now clarified that "the forfeiture in *Vera* arose from the defendant's acquiescence to a bench trial instead of a jury trial, not from his acquiescence to no trial at all."  (*People v. Cross* (2015) 61 Cal.4th 164, 172 (*Cross*).)  In *Cross*, the defendant stipulated to the truth of a prior conviction allegation and so did not receive a trial on the allegation.  (*Id*. at p. 169.)  The court found *Vera* "inapposite" in the case before the court "because the defendant in *Vera* did not admit the truth of a prior conviction allegation."  (*Cross, supra*, 61 Cal.4th at p. 172.)  Here, appellant admitted the truth of the prior conviction allegations and so *Vera, supra,* 15 Cal.4th 269, is inapposite.

The reasoning of *Cross*, *supra*, 61 Cal.4th 164 indicates that appellant did not forfeit his claims.  As the court explained in *Cross*, "[I]t is well established that, while there is no single '"best" recidivist trial procedure,' due process requires 'adequate notice' and 'an opportunity to challenge the accuracy and validity of the alleged prior conviction.' (*Spencer v. Texas* (1967) 385 U.S. 554, 567; see *Oyler v. Boles* (1962) 368 U.S. 448.)"  (*Id.* at p. 173.)  Thus, "[w]hen a defendant forgoes this basic protection, his or her decision must be 'knowingly and intelligently made.'"  (*Ibid*.)  Accordingly,

appellant cannot forfeit his claim that the trial court should have ensured that his admissions were voluntary and intelligent by making sure that appellant understood that he was waiving his right to a fair determination of the truth of the prior conviction. (See *ibid*. ["Cross cannot forfeit his claim that the trial court should have ensured his stipulation was voluntary and knowing by advising him of his right to 'a fair determination of the truth of the prior [conviction] allegation [ ]'"].)

### c. Law

Before a trial court can accept a defendant's admission that he has suffered prior felony convictions, the court must advise the defendant of his right against self-incrimination and his right to confront the witnesses against him. (*People v. Mosby* (2004) 33 Cal.4th 353, 360 (*Mosby*).) The trial court must also advise the defendant that he has the right to a fair determination of the truth of the prior conviction allegations. (*Cross, supra*, 61 Cal.4th at p. 179.)

The absence of express admonitions and waivers is not reversible per se. Rather, when the transcript of a defendant's admission of his prior convictions "does not reveal complete advisements and waivers, the reviewing court must examine the record of 'the entire proceeding' to assess whether the defendant's admission of the prior conviction was intelligent and voluntary in light of the totality of circumstances." (*Mosby, supra,* 33 Cal.4th at p. 361.) A defendant's admission is intelligent and voluntary when "it was given with an understanding of the rights waived." (*Ibid*.) Reversal is required only if the plea is not intelligent and voluntary.

### d. Analysis

Appellant contends the trial court's advisements concerning his right to a trial led him to believe that he waived only his right to a jury trial and did not give up a court trial. According to appellant, the court told him that he had two different kinds of trial rights: One to a jury trial and one to a court trial. An accused does not have an independent right to a court trial. (*People v. Epps, supra*, 25 Cal.4th at pp. 21, 28.) However, the court's

discussion of *waiver* focused first and foremost on appellant's right to a jury trial. The court began the plea colloquy by stating to appellant, "Your attorney indicated to me you're going to waive your right to have a *jury* trial on the jury [*sic*] convictions. You have a right to a *jury* trial so that the *jury* can determine whether or not those prior convictions are true." (Emphasis added.) Then, when the court took appellant's waiver, the court asked appellant only, "[D]o you waive your right to have a jury trial?"

Based on this exchange, appellant contends he would have understood that he had not given up his a court trial and that such a trial would occur. The record of the entire proceedings does not show such an understanding by appellant.

Immediately after expressly waiving his right to a jury trial, appellant admitted the truth of the prior conviction allegations. The record of the entire proceedings shows that appellant understood the consequences of an admission. As appellant said at the *Marsden*[3] hearing, "'I done been to prison twice. Both times, I took a plea bargain, basically admitting to what I did.'" As appellant would thus have known from past experience, a defendant does not have a right to challenge substantive aspects of his conviction following a plea bargain. (See *Mosby, supra*, 33 Cal.4th at p. 365 [previous experience in the criminal justice system is relevant to a recidivist's knowledge and sophistication regarding his legal rights].) There is nothing in the record to suggest that when appellant made his admission, he believed, or had a reason to believe, that the effect of admitting a prior conviction allegation would be different than admitting the commission of crime and he would be free to substantively challenge the admission.

After appellant admitted the truth of the prior conviction allegations, the court stated, "The court finds the defendant has knowingly, voluntarily waived of his right to a trial on the prior convictions. . . ." Appellant did not object to this statement, or ask about a court trial. Further, in subsequent proceedings, appellant never even mentioned a court trial, let alone requested such a trial.

---

[3]     *People v. Marsden* (1970) 2 Cal.3d 118.

Appellant contends that statements he made at the April 16 *Marsden* hearing show that he was expecting a court trial. During that hearing, he stated that "when I was here for the verdict, whoever his stand-in was, as I was told and I know the court was told, I'm coming back today for a retrial motion and a strike hearing."[4] Later in the hearing, appellant tried to argue that his prior convictions could not be used to enhance his sentence because those convictions resulted from plea bargains. Appellant contends that these remarks, taken as a whole, show that he believed he had retained a right to a court trial on the priors.

Appellant offers no explanation of why he would refer to a court trial as a "strike hearing." Further, the record as a whole shows that, whatever expectations appellant had about a "strike hearing," those expectations derived from the statements of Mr. Haberer, who stood in for appellant's trial counsel *after* appellant had admitted the truth of the prior conviction allegations. In fact, nothing suggests that the "strike hearing" was appellant's idea at all.

The record of the entire proceedings shows that appellant understood that he was giving up his right to a trial in any form on the prior conviction allegations. Appellant acknowledges that under the reasoning of *Mosby*, a defendant who has just undergone a jury trial at which he exercised his right to remain silent and observed his counsel cross-examine witnesses will be found to understand that he has a right at a trial to remain silent and to confront the witnesses against him. (*Mosby, supra*, 33 Cal.4th at pp. 364–365.) That was appellant's situation in this case. Thus, when appellant waived his trial rights, he necessarily understood that he waived those ancillary rights as well. Thus, his admission of the prior conviction allegations was "intelligent and voluntary in light of the totality of circumstances." (See *Mosby, supra,* 33 Cal.4th at p. 361.) Appellant's federal constitutional right to due process was not violated.

---

[4]      To be exact, Mr. Haberer told the court that Mr. Atherton would file a motion for a new trial and a *Romero* motion.

2. Section 667, subdivision (a)(1) enhancements

Appellant contends that two of the three section 667, subdivision (a)(1), five-year enhancements imposed on counts 1 and 2 must be stricken because the underlying charges were not brought and tried separately. Respondent agrees. We agree as well.

Section 667, subdivision (a)(1), provides in pertinent part that "any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive . . . a five-year enhancement for each such prior conviction on charges *brought and tried separately*." (Emphasis added.) "[T]he requirement in section 667 that the predicate charges must have been 'brought and tried separately' demands that the underlying proceedings must have been formally distinct, from filing to adjudication of guilt." (*In re Harris* (1989) 49 Cal.3d 131,136.)

The information in this case alleged that appellant's three prior serious convictions arose from Los Angeles Superior Court case number LA012275 and that appellant was convicted in that case on January 10, 1994. This same single case number and conviction date was used by the trial court in taking appellant's admissions. Thus, the three convictions did not arise from charges brought and tried separately. Only one section 667, subdivision (a)(1) enhancement can be imposed. The remaining two enhancements are stricken. (See, e.g., *People v. Pelayo* (1999) 69 Cal.App.4th 115, 122 [unauthorized sentence may be corrected at any time].)

3. Count 6 sentence

Appellant's conviction in count 6 is for possession for sale of cocaine in violation of Health and Safety Code section 11351. The trial court imposed "a consecutive sentence, one-third the midterm doubled, for 16 months." The midterm for a violation of Health and Safety Code section 11351 is three years. One-third of 36 months is 12 months. Twelve months doubled is 24 months. Thus, the sentence on count 6 must be corrected.

9

Disposition

Appellant's sentence on count 6 is ordered corrected from a term of one year four months to a term of two years.  Two of the three section 667, subdivision (a)(1), enhancements on counts 1 and 2 are ordered stricken, leaving one five-year enhancement pursuant to that subdivision for each count.  Appellant's total sentence is now 86 years 4 months to life in state prison.  The clerk of the superior court is instructed to prepare an amended abstract of judgment reflecting these changes and to deliver a copy to the Department of Corrections and Rehabilitation.  The judgment is affirmed in all other respects.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIRSCHNER, J.[*]

We concur:

MOSK, Acting P.J.

KRIEGLER, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10