Filed 1/20/16  P. v. Patton CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B264076 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA065829) |
| v. | |
| DONDI LAMAR PATTON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Curtis B. Rappe, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1993, defendant Dondi Lamar Patton was convicted in Los Angeles Superior Court Case No. BA065829 of two counts of assault on a peace officer. (Pen. Code, § 245, subd. (d)(1).)[1]  This court affirmed the judgment in an unpublished opinion (B075884).

In 2003, defendant was convicted in Riverside Superior Court Case No. RIF102007 of five counts of robbery (§ 211), six counts of false imprisonment (§ 236), and one count of possession of a stolen car (§ 496d).  In that case, the two prior Los Angeles convictions were found to be strikes (§§ 667, subds. (b) – (i), 1170.12, subds. (a) – (d)), as well as serious felonies (§ 667, subd. (a)), and defendant was sentenced to a third strike sentence of 60 years to life in state prison.

On appeal, the Riverside judgment was affirmed by the Fourth District Court of Appeal, Division 2, in an unpublished opinion, with a modification (as here relevant) striking one of the five-year enhancements for the two prior serious felony convictions.  The court of appeal noted that in the prior Los Angeles case, "[t]he probation report indicates that defendant was convicted of two counts of assault with a firearm upon a peace officer in violation of section 245, subdivision (d)(1). . . .  At the trial on the priors, defense counsel pointed out that both shootings were part of the same incident and tried together but were charged separately because defendant shot two different officers at the time.  The prosecutor concurred.  Thus, the multiple convictions were not [brought and tried separately as required by section 667, subdivision (a) and *In re Harris* (1989) 49 Cal.3d 131, 136], and imposition of consecutive sentencing enhancements was improper. . . .  One of the two 5-year terms pursuant to section 667, subdivision (a) must therefore be stricken from defendant's sentence."

---

[1]    All further section references are to the Penal Code.

In 2015, defendant filed a motion in Los Angeles Superior Court to recall his sentence on the Los Angeles convictions and to be resentenced, based on the California Supreme Court's decision in *People v. Vargas* (2014) 59 Cal.4th 635, 646-649, in which the court held that where a defendant has suffered two prior convictions growing out of a single act, involving a single victim, only one of the convictions may be treated as a strike within the meaning of the Three Strikes law. Although defendant did not expressly designate the motion as such, it appears that he considered it to be made under section 1170.126, subdivision (b), the provision of Proposition 36 that provides for a motion to recall a sentence by an offender serving a three strike sentence based on a third strike conviction that is not defined as a serious or violent felony.

Apparently considering the motion to have been made under section 1170.126, subdivision (b), the Los Angeles Superior denied it because defendant was not prosecuted under the Three Strikes law in the Los Angeles case, and because, in any event, *Vargas* did not apply because the two counts involved separate victims.

Defendant appeals from the order. His court-appointed attorney filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), requesting that we independently review the record to determine if the lower court committed any error. Having been informed his right to file a supplemental brief, defendant has done so. In his brief, he argues, as he did in his motion, that he is entitled under *Vargas* to have one of his prior convictions in the Los Angeles case stricken and to be resentenced.

Assuming that defendant's motion is properly characterized as a motion to recall his sentence under section 1170.126, subdivision (b), and that the order denying the motion is therefore appealable (*Teal v. Superior Court* (2014) 60

3

Cal.4th 595, 597), defendant is not entitled to relief. Defendant is not serving a third strike sentence in the Los Angeles case, and in any event the reasoning of *Vargas* does not apply to his convictions in that case because his crimes were against two separate victims.

We have independently reviewed the record and conclude that there are no arguable issues on appeal. (See *Wende*, *supra*, 25 Cal.3d at pp. 441-442; see also *Smith v. Robbins* (2000) 528 U.S. 259, 276 [upholding the *Wende* procedure].)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, J.

We concur:

EPSTEIN, P. J.

COLLINS, J.

4