Filed 4/30/26  P. v. McCraney CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID LEE McCRANEY,<br>    Defendant and Appellant. | C100905<br><br>(Super. Ct. No. 23F2544) |

Defendant David Lee McCraney fired a gun at multiple people.  As a result, the jury found him guilty of several offenses and found true enhancements and aggravating circumstances, including that defendant's conduct demonstrated a danger to society.  The trial court found defendant had been previously convicted of four strike convictions that also constituted serious felony convictions—three from a case in Shasta County and one from a case in Trinity County.  After striking the prior conviction from Trinity County for all purposes, the trial court sentenced defendant to 122 years to life plus 59 years, which included the imposition of multiple prior conviction enhancements based on each of the Shasta County convictions.

On appeal, defendant contends the jury's aggravating circumstance findings must be reversed because the rule of court defining aggravating circumstances is vague.  He also argues the jury's danger to society aggravating circumstance finding specifically

1

must be reversed because the instruction misstated the law and was argumentative. We disagree.

Defendant further raises several sentencing error claims in his opening and supplemental briefs, including that the trial court improperly imposed multiple prior serious felony enhancements based on the three Shasta County convictions because they all arise from the same case. The People agree on this point, as do we. Accordingly, we remand defendant's case for a full resentencing when he may raise his other sentencing claims for consideration by the trial court.

FACTUAL AND PROCEDURAL BACKGROUND

Randy H. allowed multiple people, including defendant, to live on his property in trailers and tents. After defendant had decided to move away from Randy's property, Randy decided to help defendant move faster. Consequently, Randy took all of defendant's personal property and put it into defendant's trailer. In the process, Randy took gold-plated money belonging to defendant. When defendant returned to his trailer, he saw that Randy had taken his personal property. Defendant became angry, loaded a revolver he had on his person, and made threats to kill Randy.

Defendant then went over to Randy's trailer, banged on it, and asked Randy where defendant's money was. Randy saw that defendant was armed but came out of the trailer anyway and admitted to taking defendant's things. Randy went to his shop to turn on lights. While Randy was in the shop, defendant became more agitated. Another person living on Randy's property walked over with a machete to help Randy, and defendant fired his gun at him. Defendant then fired his gun at Randy's girlfriend, who had come out of Randy's trailer after hearing the first gunshot, and then defendant shot and hit Randy.

The jury found defendant guilty of one count of premeditated attempted murder and three counts of assault with a firearm. The jury also found true a firearm enhancement as to each of these convictions and a great bodily injury enhancement as to

2

one.  The jury further found defendant guilty of possession of a firearm by a prohibited person and discharge of a firearm with gross negligence.  As to each count, the jury found true two aggravating circumstances:  Defendant's crimes involved great violence and defendant demonstrated a serious danger to society.  As to the attempted murder, the jury additionally found true the aggravating circumstance defendant used a weapon.  In a bifurcated proceeding, the trial court found defendant had been previously convicted of four strikes that constituted four prior serious felony convictions—three from Shasta County in 2018 and one from Trinity County in 2003.

At defendant's sentencing hearing, the trial court struck defendant's prior conviction from Trinity County, with the agreement of the parties, because of the prior conviction's age and defendant's plea form from that case asserting the conviction would not be used for enhancement purposes in the future.  The trial court also declined to dismiss any enhancements under Penal Code[1] section 1385, subdivision (c).  The trial court then sentenced defendant to an aggregate term of 122 years to life plus 59 years.  The sentence was comprised of both upper terms and middle terms of imprisonment and imposed pursuant to the "Three Strikes" law.  When imposing upper terms, the trial court pointed to the jury's findings defendant acted with great violence and defendant was a danger to society.  Relevant to defendant's appeal, the trial court calculated the base term of the attempted murder conviction and one assault with a deadly weapon conviction under section 1170.12, subdivision (c)(2)(A)(iii), which considers applicable enhancements.  In this case, the trial court applied the three Shasta County prior conviction enhancements to this calculation.  It also added the three Shasta County prior conviction enhancements to each of defendant's indeterminate terms.

Defendant appeals.

---

[1]    Undesignated statutory references are to the Penal Code.

## DISCUSSION

### I

*California Rules Of Court, Rule 4.421 Is Not Vague*

Defendant contends California Rules of Court, rule 4.421 (rule 4.421), which addresses aggravating circumstances, is void for vagueness "because [the rule] contains no meaningful standards, and requires lay jurors to perform a factual analysis based on abstract and imagined scenarios." (Capitalization & boldface omitted.) Defendant acknowledges that the First Appellate District, Division Four, rejected this argument in *Chavez Zepeda v. Superior Court* (2023) 97 Cal.App.5th 65, 86-92 (*Chavez Zepeda*), but argues that decision was wrongly decided. We disagree with defendant and conclude rule 4.421 is not vague.

Rule 4.421 lists aggravating circumstances trial courts consider when sentencing defendants under a triad of options. (§ 1170, subd. (a)(3); *Chavez Zepeda*, *supra*, 97 Cal.App.5th at pp. 76-77.) After the passage of Senate Bill No. 567 (2021-2022 Reg. Sess.), section 1170, subdivision (b)(2) "now provides that a court may impose the upper term only if 'there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' " (*Chavez Zepeda*, at p. 74.) As relevant here, among the list of aggravating circumstances are that the defendant's crime involved great violence, the defendant was armed with or used a weapon during the commission of the crime, and the defendant has engaged in conduct that indicates a serious danger to society. (Rule 4.421(a)(1)-(2), (b)(1).) When making a finding regarding these aggravating circumstances, the fact finder is required to determine "whether the manner of the crime's commission was distinctively worse 'when compared to other ways in which such a crime could be committed.' " (*Chavez Zepeda*, at p. 89.)

4

Defendant takes issue with the requirement a fact finder find his crime was committed in a distinctively worse way compared to other ways to commit the crime, especially when made by jurors instead of judges, who defendant contends do not possess the insight to determine where a particular defendant's conduct lands among the typical commissions of a particular crime.  The *Chavez Zepeda* court rejected this argument. (*Chavez Zepeda*, *supra*, 97 Cal.App.5th at pp. 86-92.)  The court first found that rule 4.421 was not subject to the same vagueness standards applicable to elements of a crime because the "[circumstances] do not attempt to define specific criminal offenses, and the sentencing judge's ultimate discretion [to not impose an enhanced sentence] remains a meaningful safeguard."  (*Chavez Zepeda*, at pp. 86-87.)  It next held that, contrary to defendant's assumption here, courts and juries applying this comparative standard, "have not imagined an abstract, 'ordinary case' to determine whether a finding of an aggravating circumstance[] is warranted by the facts of the case [before them]." (*Id*. at p. 89.)  Instead, "they have considered whether the manner of the crime's commission was distinctively worse 'when compared to other ways in which such a crime could be committed.' "  (*Ibid*.)  Given these safeguards, the *Chavez Zepeda* court held the enumerated aggravating circumstances contained in rule 4.421 were not vague. (*Chavez Zepeda*, at pp. 90-92.)  We agree with the *Chavez Zepeda* court's reasoning and apply it here to reject defendant's vagueness argument.

Defendant's reliance on *Johnson v. United States* (2015) 576 U.S. 591 is misplaced.  *Johnson* involved construction of a residual clause in a federal criminal statute under "the 'categorical approach' " to whether a crime satisfies a particular definition, which requires a court to "disregard how the defendant actually committed [the] crime" and instead "imagine the idealized ' "ordinary case" ' of the defendant's crime."  (*United States v. Davis* (2019) 588 U.S. 445, 451-452; see *Chavez Zepeda*, *supra*, 97 Cal.App.5th at pp. 87-89.)  *Johnson* does not suggest the aggravating factors at issue here are unconstitutionally vague merely because they include qualitative standards.

As the *Johnson* court explained, in general the application of qualitative standards to "real-world conduct" does not raise a constitutional concern. (*Johnson*, at pp. 603-604.) Moreover, in this context, unlike in *Johnson*, a judge has discretion not to impose a greater sentence based on the jury's findings, "offer[ing] some protection against ' "the risk of an erroneous deprivation of [the defendant's liberty] interest" ' [citation] that might attend an imprecise definition of an aggravating factor." (*Chavez Zepeda*, at p. 86; see *Johnson*, at p. 593.)

Accordingly, rule 4.421 is not unconstitutionally vague.

II

*Modified CALCRIM No. 3234 Correctly*

*Stated The Law And Was Not Argumentative*

The jury was instructed with a modified version of CALCRIM No. 3234, which provided: "If you find the defendant guilty of [certain] crimes charged … , you must then decide whether the [prosecution] ha[s] proved the additional allegation that [defendant] has engaged in violent conduct, *to wit: using a firearm to assault and injure other individuals*, which indicates he is a serious danger to society. [¶] To prove this allegation, the [prosecution] must prove that: [¶] 1. The defendant has engaged in violent conduct; [¶] AND [¶] 2. The violent conduct, considered in light of all the evidence presented, shows that the defendant is a serious danger to society." (Italics added.) The instruction then specified, "You may not find the allegation true unless all of you agree that the [prosecution] ha[s] proved that the defendant's violent conduct was *distinctively worse than that posed by an ordinary commission of the underlying crime* and that the violent conduct, considered in light of all the evidence presented, shows that the defendant is a serious danger to society." (Italics added.)

Defendant contends this instruction misstates an element of the danger to society aggravating circumstance because the instruction does not explain that the distinctively

6

worse than ordinary standard requires a defendant's conduct be worse than other ways in which the crime could be committed. We disagree.

We review a claim of instructional error de novo to ascertain whether the instruction accurately states the applicable law. (*People v. Ramirez* (2023) 98 Cal.App.5th 175, 218.) In doing so, we consider the challenged instruction in the context of all the instructions given to the jury and the trial record. (*People v. Rivera* (2019) 7 Cal.5th 306, 326; *People v. Ortiz* (2023) 96 Cal.App.5th 768, 815-816.) " ' "A defendant challenging an instruction as being subject to erroneous interpretation by the jury must demonstrate a reasonable likelihood that the jury understood the instruction in the way asserted by the defendant." ' " (*People v. Thomas* (2023) 14 Cal.5th 327, 382.) We presume that jurors are capable of understanding and correlating the court's instructions and we further presume those instructions were followed by the jury. (*Ibid*.)

Even assuming defendant is correct in viewing the distinctively worse standard as an independent element of the danger to society aggravating circumstance under the Sixth Amendment, the given instructions adequately conveyed that requirement. As defendant acknowledges, the distinctively worse standard has been described in case law just as CALCRIM No. 3234 described it to defendant's jury—*distinctively worse than an ordinary commission of the underlying crime*. (*People v. Moreno* (1982) 128 Cal.App.3d 103, 110.) The standard has also been described as the *Chavez Zepeda* court described it—"wrongfulness beyond that inherent in the commission of the offense." (*Chavez Zepeda*, *supra*, 97 Cal.App.5th at p. 91.) Both statements have been endorsed by case law and we read them as requiring the same standard—something worse than the simple commission of the elements of the crime. The instructions given communicated this concept to the jury.

Defendant's reliance on the concurrence in *Lovelace v. Superior Court* (2025) 108 Cal.App.5th 1081, 1105 (conc. opn. of Goldman, J.) is misplaced. According to defendant, the concurrence urges the adoption of a jury instruction stating the

distinctively worse standard as beyond that inherent in the commission of the crime. (*Id.* at pp. 1120-1122 (conc. opn. of Goldman, J.).) This is not what the concurrence stated. The concurrence uses the phrase " 'distinctively worse than the ordinary' " interchangeably with " 'distinctively worse "when compared to other ways in which such a crime could be committed." ' " (*Ibid.* (conc. opn. of Goldman, J.).) Regardless of the phrase used, the concurrence merely provides that a jury instruction defining unenumerated aggravating circumstances include the concept that defendant's crime be distinctively worse. (*Id.* at pp. 1121-1122 (conc. opn. of Goldman, J.).) This concept was undisputedly included in the modified version of CALCRIM No. 3234 given here. Thus, defendant's contention that CALCRIM No. 3234 improperly states the law is meritless. Properly construed, defendant's argument is an argument that the instruction was incomplete or that he wished it to be further clarified. (See *People v. Buenrostro* (2018) 6 Cal.5th 367, 428.) This argument required defendant to object or request a pinpoint instruction from the trial court, which he did not, resulting in forfeiture. (*Ibid.*)

Defendant also contends CALCRIM No. 3234 is argumentative because it specified the dangerous conduct was that defendant shot a group of people. We disagree. "An instruction is argumentative when it recites facts drawn from the evidence in such a manner as to constitute argument to the jury in the guise of a statement of law." (*People v. Campos* (2007) 156 Cal.App.4th 1228, 1244.) " 'An instruction should contain a principle of law applicable to the case, expressed in plain language, indicating no opinion of the court as to any fact in issue.' " (*People v. Wright* (1988) 45 Cal.3d 1126, 1135.)

Here, the instruction told the jury it had to determine whether certain facts alleged by the prosecution demonstrated defendant was a danger to society. The pattern CALCRIM No. 3234 instruction required the insertion of alleged facts, which defendant took part in selecting by objecting to proposed language and approving of the language given. Ultimately, the instruction did not imply to the jury the alleged facts constituted a

8

danger to society and instead charged the jury to decide for itself. Accordingly, the instruction was not argumentative.

Because the trial court did not misstate the law or deliver an argumentative instruction when charging the jury with the modified version of CALCRIM No. 3234, we must also reject defendant's cumulative error argument related to the wording of CALCRIM No. 3234.

## III

### *Two Of Defendant's Prior Serious Felony*
### *Conviction Enhancements Must Be Stricken*

Defendant contends the trial court erred by using two of his three prior convictions from the Shasta County case to impose prior serious felony conviction enhancements under section 667, subdivision (a). The People agree and also point out the trial court improperly calculated the base term for two of defendant's indeterminate Three Strike sentences on the three prior convictions. We agree with the parties.

Section 667, subdivision (a) provides for a separate five-year sentence enhancement for every prior serious felony conviction "on charges brought and tried separately." Where two charges were not brought separately, but were made in a single complaint, the court can only impose a single five-year enhancement for the two charges. (*In re Harris* (1989) 49 Cal.3d 131, 136-137; *People v. Jones* (2015) 236 Cal.App.4th 1411, 1415.) " 'The question whether prior convictions were brought and tried separately is for the court to decide, not the jury.' " (*Jones*, at pp. 1415-1416.)

Here, defendant had four prior serious felony convictions—three from one case in Shasta County and one from another case in Trinity County. The trial court struck the prior conviction from Trinity County and imposed an enhancement for each prior conviction from Shasta County on each indeterminate term. The parties agree, as do we, that the convictions from Shasta County were brought together in a single case. Consequently, the court erred by imposing a prior conviction enhancement for each of

9

defendant's prior convictions from Shasta County. (See *In re Harris*, *supra*, 49 Cal.3d at pp. 136-137.)

The parties agree remand for a full resentencing is appropriate, as do we. The trial court exercised multiple discretionary choices, including the imposition of middle terms for the attempted murder conviction and some of the firearm enhancements, under the assumption it had imposed multiple prior conviction enhancements for each indeterminate term. Given that the court rested its sentencing decisions on a mistaken understanding of the law, defendant is entitled to a full resentencing. (*People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "].) Because defendant is entitled to a full resentencing, there is no need for us to address his remaining sentencing claims in his opening and supplemental briefs. Defendant may raise these arguments to the trial court on remand.

## DISPOSITION

Defendant's sentence is reversed and the matter is remanded for a full resentencing. The judgment is otherwise affirmed.

/s/
ROBIE, J.

We concur:

/s/
EARL, P. J.

/s/
MESIWALA, J.

10